IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case No.   CV-07-367-S-BLW |
| | ) | CR-03-94-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| RUBELO ESTRADA, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court are Defendant-Movant's Motion to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C.

§ 2255 (Docket No. 1) and two Motions for Extension of Time Pursuant to Rule

26(b) (Docket Nos. 6 and 7) which appear to be duplicates.[1]

Having reviewed the record, including the Government's Responses to both

the § 2255 Motion and the Motion for Extension of Time, the Court enters the

---

[1] The Court finds moot Docket No. 7 given that it is identical to Docket No.
6.

**Memorandum Decision and Order - 1**

following Order denying the Motion for Extension of Time and dismissing the § 2255 Motion.

## MOTION FOR EXTENSION OF TIME

Defendant-Movant ("Estrada") filed his § 2255 Motion on August 30, 2007. The Court thereafter entered an order (Docket No. 2) setting a briefing schedule which required the Government to file a response within thirty (30) days and Estrada to file any reply fourteen (14) days thereafter. The Government timely filed its Response (Docket No. 3) on September 25, 2007 which triggered a deadline of October 9, 2007 for filing a reply. Estrada failed to file a timely reply.

In late March, over five months after the deadline for a filing a reply, Estrada apparently submitted to the Government – but did not file with the Court – a Motion for Extension of Time requesting an additional ninety (90) days in which to file a reply.[2] The Government filed a Response (Docket No. 4) opposing

---

[2] Estrada brought his motion pursuant to Fed. R. App. P. 26(b) which allows an extension of time "for good cause." The Federal Rules of Appellate Procedure are applicable on in United States courts of appeal. *See* Fed. R. App. P. 1. The Federal Rules of Civil Procedure apply to proceedings before United States district courts and may be applied to a § 2255 proceeding to the extent that they are not inconsistent with § 2255 or the § 2255 rules. *See* Rule 12 of the Rules Governing Section 2255 Proceedings. Under the Federal Rules of Civil Procedure, if a motion to extend is made after the time for filing has passed, a district court *may* extend the time for filing if the party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).

the extension, apparently assuming that Estrada had filed the motion with the

Court. The Court thereafter entered an order (Docket No. 5) directing Estrada to

file the motion with the Court by April 15, 2008 along with an explanation for the

delay in filing the reply, the delay in seeking an extension, and the need for such a

lengthy extension. On April 14, 2008, Estrada timely filed the Motion for

Extension of Time (Docket No. 6) which the Court notes was dated March 24,

2008. On April 21, 2008, he filed a reply (Docket No. 8) to the Government's

opposition to the extension which the Court will deem to be his response to the

Court's Order.

Estrada explains his failure to file a timely reply – as well as his need for a

90-day extension in which to do so – by indicating that he is an indigent Mexican

national in need of assistance from an inmate law clerk; that the inmate law clerk

who prepared the § 2255 motion was transferred to another facility; that he had

difficulty locating another inmate law clerk to assist him; and that the new inmate

law clerk he found to assist him would need 90 days to become familiar with the

case, research, and access all available discovery prior to preparing a reply. *Reply*,

pp. 1-2 (Docket No. 8). He further states that the extension is needed "in order to

be able to discern the validity, as well as the ramification of the legal approach

taken by the inmate law clerk who had filed [his] 2255 motion." Docket No. 8, p.

**Memorandum Decision and Order - 3**

2, ¶ 3.

A § 2255 movant is not required to file a reply; however, if he chooses to file a reply, he must do so within the time fixed by the Court. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings. Here, the Court's order fixed the time for filing any reply and Estrada failed to meet it. Where a motion to extend the time for filing is filed after the expiration of the deadline, a court may – but is not required to – grant an extension if the litigant demonstrates excusable neglect. *See* Fed. R. Civ. P. 60(b)(1)(B). It is unclear here whether the original inmate law clerk was transferred prior to the deadline. Therefore, the Court cannot determine whether the transfer was the reason for the failure to file a timely reply. Nevertheless, the timing of the transfer is irrelevant to the Court's decision to deny the motion and not exercise its discretion to grant an extension.

The purpose of a reply is to address arguments raised in the answer or response rather than to add new claims against the opposing party. *See United States v. Hughes*, 970 F.2d 227, 235, n.6 (7th Cir. 1992); *United States v. Joiner*, 847 F. Supp. 604, 606-07 (N.D.Ill. 1994) (refusing to consider arguments raised for first time in reply in a § 2255 proceeding); *Wilson v. United States*, 149 F.Supp.2d 1045 (N.D.Ind. 2001) (same). Indeed, a reply is not even mentioned among the documents to be reviewed when a court is making a decision as to

**Memorandum Decision and Order - 4**

whether an evidentiary hearing on a § 2255 motion is warranted. *See* Rule 8 of the Rules Governing Section 2255 Proceedings.

The Court has reviewed the record and finds that the arguments raised in the § 2255 Motion and Response  may be resolved in a straightforward application of the facts in the record to the relevant statutes and case law cited by the parties.  A reply would not clarify any of the issues or arguments raised in the § 2255 Motion. Neither is a reply a vehicle for asserting new claims or arguments which Estrada's Reply to Opposition to extension of time suggests is a possibility.  An extension of time would simply further delay the inevitable resolution of the issues against Estrada.  Accordingly, the Court will exercise its discretion to deny Estrada's Motion for Extension.

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Issues

Estrada was charged in the Indictment (Docket No. 1) in this multi-defendant case with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  The Government subsequently filed an Information Pursuant to Title 21, United States Code, § 851 Regarding Increased Punishment by Reason of Prior Convictions (Docket No. 79 in the

criminal case).[3] The Government again charged Estrada in the Superseding

Indictment (Docket No. 96) with the conspiracy count. Finally, the Government

filed the Second Superseding Indictment (Docket No. 144) charging Estrada with

the conspiracy count and an additional ten counts of using a telephone in

commission of the conspiracy offense in violation of 21 U.S.C. § 843(b). The case

proceeded to trial. Prior to submission of the case to the jury, and at the

Government's request, the Court dismissed three of the telephone counts against

Estrada. The jury convicted Estrada of all remaining counts. *Minutes* and *Form of

Verdict* (Docket Nos. 269 and 270).

Estrada moved for a new trial alleging that the Court had committed

structural error by allowing unredacted transcripts of telephone conversations

between Estrada and co-Defendants to be given to the jury during its deliberations

even though parts of the transcripts had not been read to the jury during trial.

*Motion for New Trial* (Docket No. 273). The Court denied the motion. *Order*

(Docket No. 303). Estrada then objected to being sentenced pursuant to the

United States Sentencing Guidelines ("USSG" or "Guidelines") and to the

increase in his statutory maximum from forty (40) years to life pursuant to 21

---

[3] All further docket entries shall refer to the criminal case unless otherwise
noted.

**Memorandum Decision and Order - 6**

U.S.C. § 851. *Sentencing Memorandum* (Docket No. 315) and *Supplemental Sentencing Memorandum* (Docket No. 319). Overruling the objections, the Court sentenced Estrada pursuant to § 4B1.1, the Career Offender Guideline, to a term of imprisonment of 360 months to be followed by 8 years of supervised release on the conspiracy count and to terms of imprisonment of 96 months to be followed by 4 years of supervised release on each of the telephone counts, all terms to run concurrently. *Judgment* (Docket No. 322).

Estrada timely appealed the denial of his motion for a new trial and the alleged unconstitutional imposition of his sentence. Because, while his appeal was pending, the United States Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005), effectively rendering the United States Sentencing Guidelines advisory, Estrada requested a remand for resentencing. The Ninth Circuit affirmed his conviction but remanded the case pursuant to *Booker* and *United States v. Ameline*, 409 F.3d 1073, 1083 (9th Cir. 2005) (en banc), for the limited purpose of determining whether the Court would have imposed a materially different sentence had the Guidelines been advisory. *United States v. Estrada*, No. 04-30336 (9th Cir. Nov. 18, 2005) (Docket No. 361). On remand, the Court, after considering the parties' resentencing memoranda and original sentencing memoranda, declined to resentence concluding that the sentence would not have been materially different

**Memorandum Decision and Order - 7**

under advisory Guidelines. *Order* (Docket No. 368).

Estrada again timely appealed arguing that the Court failed to provide him with an "appropriate explanation" for denying resentencing. However, the Ninth Circuit affirmed the sentence determining that the sentence comported with the directives of *Ameline* and was reasonable. *United States v. Estrada*, No. 06-30148 (9th Cir. Jan. 10, 2007) (Docket No. 375). Estrada thereafter timely filed the pending § 2255 Motion alleging (1) that his sentence on the conspiracy charge was above the statutory maximum, (2) that his sentence should be re-examined in light of *Rita* and *Cunningham*, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of counsel on appeal.

**B.    Standard of Law**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues*,

**Memorandum Decision and Order - 8**

347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If it does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. *See Blackledge v. Allison,* 431 U.S. 63, 67

**Memorandum Decision and Order - 9**

(1977); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).   On the other hand, where, assuming the truth of the specific factual allegations when viewed against the record, the movant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve any factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (citations omitted).

## C.   Discussion

As stated above, Estrada has challenged his conviction on four grounds each of which the Court will address in turn.

### 1.   Sentence and Supervised Release are Beyond the Statutory Maximum Under § 841(b)(1)(C).

Estrada argues that his sentence of 360 months was above the statutory maximum under 21 U.S.C. § 841(b)(1)(C) because (1) USSG Amendment 506 provides that the lower statutory maximum should apply for purposes of computing the offense level under § 4B1.1(b); (2) he was found guilty under 21 U.S.C. § 841(a) and § 846 rather than § 841(b)(1)(B); and (3) the sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Washington v. Recuenco*, 548 U.S. 212 (2006).

The Government responds that Estrada is procedurally barred from raising this claim because he failed to raise it before this Court or on appeal and that, in

**Memorandum Decision and Order - 10**

any event, the claim fails on the merits. The Court agrees.

A defendant collaterally attacking his conviction or sentence procedurally

defaults his claims by not raising them on direct appeal unless he can show cause

and prejudice for failing to do so or actual innocence. *United States v. Ratigan*,

351 F.3d 957, 962 (9th Cir. 2003), *cert. denied,* 543 U.S. 853 (2004) (citing

*Bousley v. United States*, 523 U.S. 614, 622 (1988)). Indeed, collateral review "is

an extraordinary remedy and 'will not be allowed to do service for an appeal.'"

*Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Sunal v. Large*, 322 U.S. 174,

178 (1947)).

Since Estrada has not alleged any cause for failing to raise the issue before

this Court or on appeal or that he is actually innocent and because, as shown below,

he cannot show prejudice given that his sentence was not above the relevant

statutory maximum, he has procedurally defaulted on this claim. However, even on

the merits, this claim fails.

Regarding Estrada's first contention, USSG Appendix C, Amendment 506

(effective November 1, 1994) amended the commentary to § 4B1.1, the Career

Offender Guideline. As Estrada alleges, Amendment 506 does indeed state that

where the statutory maximum under 21 U.S.C. § 841(b)(1)(C) is raised from twenty

years to thirty years based on one or more qualifying prior drug convictions, the

**Memorandum Decision and Order - 11**

"Offense Statutory Maximum" for purposes of USSG § 4B1.1(b) shall be considered twenty rather than thirty years. This was an example given to illustrate the explanation in the commentary that "Offense Statutory Maximum" in § 4B1.1(b) referred to the maximum term of imprisonment without any enhancement for criminal history. By extension, the Court presumes Estrada is contending that 40 years rather than life should have been the statutory maximum used for determining his offense level.

Estrada's argument must fail. The commentary to § 4B1.1 was subsequently amended prior to imposition of his sentence by USSG Appendix C, Amendment 567 (effective November 1, 1997). Accordingly, § 4B1.1, comment. (n.2) now explains the Offense Statutory Maximum is the maximum term of imprisonment authorized *including* any enhancement for criminal history. Therefore, the example now states that the enhanced statutory maximum of thirty years rather than twenty years is applicable for purposes of the Guideline. By extension, the statutory maximum of life rather than 40 years was applicable for determining his offense level at the time of his sentencing.

To the extent that Estrada may be arguing that 21 U.S.C. § 841(b)(1)(C) rather than 21 U.S.C. § 841(b)(1)(B) is the applicable penalty provision, his claim must fail as well. Because the Second Superseding Indictment charged and the jury

**Memorandum Decision and Order - 12**

found that Estrada was guilty of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 21 U.S.C. § 841(b)(1)(B) became the applicable penalty provision rather than § 841(b)(1)(C). *See United States v. Rosales*, 516 F.3d 749, 754 (9th Cir. 2008) (observing that § 841(b)(1)(C) would be the appropriate penalty provision for a § 841(a) offense unless the evidence was sufficient to support the drug quantity specified for application of § 841(b)(1)(B)).

Estrada's next contention is, in essence, that because he was convicted under § 841(a) and § 846[4] rather than § 841(b)(1)(B), he cannot be sentenced under § 841(b)(1)(B). This contention is meritless. Section 841(b) prescribes the penalty for violations of § 841(a). In other words, because Estrada was convicted of violating § 846 – which is subject to the same penalties as violations of § 841(a), – he is subject to the penalties of § 841(b). Furthermore, because Estrada was convicted of conspiracy involving 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, the appropriate penalty

---

[4] Estrada was convicted under 21 U.S.C. § 846 of conspiracy to possess with intent to distribute methamphetamine. The penalty for the conspiracy offense is the same as that for the offense Estrada conspired to commit; i.e., possession with intent to distribute which is proscribed by 21 U.S.C. § 841(a). *See* 21 U.S.C. § 846.

**Memorandum Decision and Order - 13**

subsection is (b)(1)(B).[5]

Finally, *Apprendi* is not implicated here. *Apprendi* held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Here, the drug quantity triggering the application of § 841(b)(1)(B) rather than § 841(b)(1)(C) was alleged

---

[5] That subsection provides in relevant part:

> In the case of a violation of subsection (a) of this section involving . . . (viii) 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers; such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . . *If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment* . . . . Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment. . . . (Emphasis added.)

21 U.S.C. § 841(b)(1)(B)(viii).

**Memorandum Decision and Order - 14**

in the Second Superseding Indictment and found by a jury beyond a reasonable doubt thus subjecting Estrada to the statutory enhancement based on a prior conviction for a felony drug offense, the fact of which need not be proven to a jury beyond a reasonable doubt under *Apprendi*. However, as a prerequisite to application of the increased statutory maximum, the Government must file an information before trial identifying the previous convictions relied upon in support of increased punishment.[6]

The record reflects that the Government filed the required § 851 Information alleging and providing documentation for two previous felony convictions for delivery of a controlled substance in violation of Idaho Code § 32-2732 dated October 27, 1992, and one previous felony conviction for the manufacture/delivery of amphetamines in violation of Wisconsin Code § 961.41(a)(e)4 dated June 21,

---

[6] In relevant part, the statute provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

2001. *Information* (Docket No. 79).  Although he argued unsuccessfully in his

Sentencing Memorandum that the Government was required to prove the

convictions to a jury, the record does not reflect that Estrada denied the prior

convictions or claimed them invalid pursuant to § 851(c).  Indeed, Estrada could

not deny or challenge the validity of the two convictions for delivery of a

controlled substance.  *See* 21 U.S.C. § 851(e) (precluding a defendant from

challenging a prior conviction that occurred more than five years before the date of

the information).

Because the Government filed the requisite Information pursuant to

§ 851(a)(1) to which Estrada did not object, the Court was bound to sentence

Estrada between the statutory minimum of 10 years and the statutory maximum of

life with a term of at least 8 years of supervised release to follow.[7]  21 U.S.C.

---

[7]  The Court notes that the Information was filed after the Indictment but
before even the Superseding Indictment was filed.  However, the fact that the
Government did not file a new Information after the Second Superseding
Indictment was filed does not render it ineffective.  *See United States v.
Dickerson*, 514 F.3d 60, 64 (1st Cir. 2008) (government need not file second § 851
notice after second superseding indictment); *United States v. Cooper*, 461 F.3d
850, 854 (7th Cir. 2006) (government need not file second notice after superseding
indictment was filed following guilty plea); *United States v. Mayfield*, 418 F.3d
1017, 1020 (9th Cir. 2005) (information filed before first trial obviated need for
second notice before second trial); *United States v. Kamerud*, 326 F.3d 1008, 1014
(8th Cir. 2003) (no need to refile information after return of superseding
indictment).

**Memorandum Decision and Order - 16**

§ 851(d). The sentence of 360 months was well within the statutory maximum of life. Accordingly, Estrada's claim that his sentence was above the statutory maximum is subject to dismissal.

### 2. Whether the Court Should Revisit the Sentence in Light of *Rita v. United States* and *United States v. Cunningham.*

Estrada questions whether in light of *Rita* the Court's decision not to resentence was erroneous. He appears to be either alleging that the Court presumed a Guideline sentence was reasonable or reasserting his appellate argument that the Court did not provide an "appropriate explanation" of its decision not to resentence.

In *Rita*, the Supreme Court held that circuit courts of appeal, but not district courts, may apply a presumption of reasonableness to a within-Guideline sentence. *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). Rather, in order to facilitate appellate review, *Rita* instructs that a district court must provide a statement of reasons indicating that it has considered the parties' arguments in reaching its sentencing decision. *Id.* at 2468. The amount of detail in the statement of reasons depends upon whether either of the parties objected to the guideline determinations and the arguments, if any, made for a sentence outside the guidelines. *Id.*

Here, the guideline range was 360 months to life based on the application of the Career Offender guideline, USSG § 4B1.1 which, as relevant here, applies to

**Memorandum Decision and Order - 17**

defendants having at least two prior felony convictions of a controlled substance offense. Because Estrada did qualify as a Career Offender, and because the statutory maximum for his offense of conviction was life, his offense level became 37 under § 4B1.1(b)(A) and his criminal history category was deemed to be Category VI pursuant to § 4B1.1(b).[8]

As stated above, Estrada appealed his sentence, the Ninth Circuit remanded the case to this Court pursuant to *Booker* and *Ameline*, and the Court, after soliciting the opinions of counsel as directed by *Ameline*, determined that the sentence would not have been materially different under advisory guidelines. Estrada again appealed his sentence arguing that the Court had improperly presumed a Guideline range to be the appropriate sentence. However, the Ninth Circuit upheld the decision not to resentence noting that the Court had carefully considered the § 3553(a) factors and had carefully considered the papers filed by Estrada in deciding not to resentence. It also determined that the sentence was reasonable.

Estrada cannot now challenge the reasonableness of his sentence given that the issue was already raised and decided on direct appeal. *See Feldman v.*

---

[8] Apparently, Estrada qualified for a Criminal History category of VI even without the application of the Career Offender guideline. *See* PSR.

**Memorandum Decision and Order - 18**

*Henman*, 815 F.2d 1318, 1322 (9th Cir. 1987). In any event, the subsequent

Supreme Court decision in *Rita* does not require a re-examination of whether the

Court presumed a guideline sentence to be reasonable or whether the Court

properly considered the other sentencing factors. The Court's decision after

reviewing the parties' briefs to not impose a non-guideline sentence was not a

resentencing proceeding. Rather, it was a limited remand to enable the Ninth

Circuit to determine whether Estrada's substantial rights had been affected by

being sentenced under mandatory Guidelines. *Ameline*, 409 F.3d at 1078-79.

Estrada also questions whether his sentence is unconstitutional in light of

*Cunningham v. California*, 127 S.Ct. 856 (2007). In *Cunningham*, the Supreme

Court held that California's determinate sentencing law that allowed a judge rather

than a jury to find facts by a preponderance of the evidence that subjected a

defendant to an "upper term sentence" violated a defendant's constitutional right to

trial by jury. *Id.* at 860. However, in doing so, it reiterated the principle that the

fact of a prior conviction need not be submitted to a jury and proved beyond a

reasonable doubt:

> As this Court's decisions instruct, the Federal
> Constitution's jury-trial guarantee proscribes a sentencing
> scheme that allows a judge to impose a sentence above
> the statutory maximum based on a fact, *other than a prior
> conviction*, not found by a jury or admitted by the
> defendant. *Apprendi v. New Jersey*, 530 U.S. 466, 120

**Memorandum Decision and Order - 19**

S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536
U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002);
*Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159
L.Ed.2d 403 (2004); *United States v. Booker*, 543 U.S.
220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

*Cunningham*, 549 U.S. at 860 (emphasis added).

Because Estrada's statutory maximum was increased only on the basis of

prior convictions, *Cunningham* not only does not render his sentence

unconstitutional, it reinforces the prior conviction exception to the *Apprendi* rule.

### 3.   Ineffective Assistance of Trial Counsel

Estrada claims that trial counsel was ineffective for failing to raise the issue

that his sentence was unlawfully increased and for failing to object to sending

unredacted transcripts to the jury.

The well-established two-prong test for evaluating ineffective assistance of

counsel claims is deficient performance and resulting prejudice.  *See Strickland v.*

*Washington*, 466 U. S. 668 (1984).  Mere conclusory allegations are insufficient to

state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878

F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that

counsel's performance "fell below an objective standard of reasonableness."

*Strickland*, 466 U.S. at 688.  Under the performance prong, there is a strong

**Memorandum Decision and Order - 20**

presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. This standard is "highly demanding." *Kimmellman v. Morrison*, 477 U.S. 365, 381-82 (1986).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of

**Memorandum Decision and Order - 21**

the other. *Id.*

As explained above, Estrada's sentence of 360 months did not exceed the statutory maximum of life. Any argument of counsel that it did would not have made it so. Furthermore, counsel did argue that the prior convictions underlying the enhanced statutory maximum had not been proven to a jury. *See Supplemental Sentencing Memorandum* (Docket No. 319). Accordingly, Estrada cannot establish prejudice on his ineffective assistance of trial counsel claim.

Estrada's claim of failure to object to sending the unredacted transcripts to the jury is foreclosed by the Ninth Circuit's decision that any error was harmless given that "[t]he transcript passages not read to the jury were not incriminating – they were at most a 'distraction.' Significantly, though full transcripts are in the record, Estrada fails to identify passages not read in open court that could have affected his verdict. The jury's brief possession of the unredacted transcripts 'did not likely affect the jury's verdict, and did not constitute reversible error.'" *United States v. Estrada*, No. 04-39336 (9th Cir. Nov. 18, 2005), Slip Op. at 3.

Given the Ninth Circuit's finding that any error was harmless, Estrada could not establish prejudice even if counsel had failed to object. Therefore, the Court need not address the performance prong of the *Strickland* test. Nevertheless, the Court notes that defense counsel filed a motion for a new trial claiming that the

**Memorandum Decision and Order - 22**

Court had committed structural error by allowing the transcripts to be given to the jury at the beginning of their deliberations and that counsel appealed the denial of that motion. Accordingly, Estrada cannot satisfy the *Strickland* test that there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceeding would have been different.

## 4. Ineffectiveness of Appellate Counsel

Finally, Estrada contends that appellate counsel was ineffective for failing to identify passages of the unredacted transcripts erroneously sent to the jury that could have affected the verdict and/or sentencing phase of the proceedings. Just as in the case of claims of ineffective assistance of trial counsel, to prevail on this claim, Estrada must demonstrate both deficient performance and resulting prejudice. *See Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) (applying *Strickland* standard to ineffective assistance claims against appellate counsel).

Even if appellate counsel's failure to identify specific passages that might have affected deliberations or sentencing constituted deficient performance, Estrada cannot establish prejudice. The Ninth Circuit obviously had to have read the transcripts in their entirety given its conclusion that "[t]he transcript passages not read to the jury were not incriminating – they were at most 'a distraction.'" *United States v. Estrada*, No. 04-30336 (9th Cir. Nov. 18, 2005), Slip Op. at p. 3.

**Memorandum Decision and Order - 23**

Accordingly, Estrada's claim of ineffective assistance of appellate counsel is subject to dismissal.

## ORDER

IT IS HEREBY ORDERED THAT Estrada's Motion for Extension of Time (Docket No. 6) is DENIED, his Motion for Extension of Time (Docket No. 7) is MOOT, and his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-07-367-S-BLW is DISMISSED with prejudice.

Signed: July 3, 2008

**Memorandum Decision and Order - 24**