UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBELO ESTRADA,<br><br>Defendant. | Case No. 1:03-cr-00094-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence. *See* Dkt. 394. For the reasons explained below, the Court will deny the motions.

### BACKGROUND

On August 6, 2004, this Court sentenced Defendant to 360 months' imprisonment after he was found guilty of (1) conspiring to possess with intent to distribute; and (2) numerous counts of using a communication facility to commit a drug crime. *See Aug. 6, 2004 Judgment*, Dkt. 322. His Total Offense Level was 37 and his Criminal History Category was VI, which yielded a guidelines range of 360 months to life.

### LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment

constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A.   Part A

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, Mr. Estrada' criminal history score—before adding any status points—was 17. *See July 6, 2004 Presentence Investigation Report*, ¶¶ 89-92. Amendment 821 reduces his status points from 2 to 1, but despite that reduction, he remains in Criminal History Category VI. Accordingly, Mr. Estrada's guideline range is unaffected by Part A of the Amendment.

### B.   Part B

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply

because Mr. Estrada is not a zero-point offender.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 394 ) is **DENIED**.

DATED: October 24, 2024

B. Lynn Winmill
U.S. District Court Judge